**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| Y'MINE McCLANAHAN,<br><br>*Plaintiff*,<br><br>**VERSUS**<br><br>**STAB'S PRIME LLC D/B/A STAB'S PRIME STEAK AND SEAFOOD, DOE DEFENDANTS 1-10,**<br><br>*Defendants*. | * CIVIL ACTION NO.: 3:25-cv-00328<br>*<br>* JUDGE:<br>*<br>* MAGISTRATE JUDGE:<br>* ERIN WILDER-DOOMES<br>*<br>*<br>* |

**STAB'S PRIME LLC D/B/A STAB'S PRIME STEAK AND SEAFOOD
ANSWER, DEFENSES, AND REQUEST FOR JURY TRIAL**

**NOW COMES**, Defendant, Stab's Prime LLC D/B/A Stab's Prime Steak and Seafood ("Stab's Prime"), which responds to the Complaint (R. Doc. 1) filed by Plaintiff, Y'Mine McClanhan, as follows:

1.

Stab's Prime denies the allegations in Paragraph 1 of the Complaint, except to admit on July 23, 2024 Plaintiff visited Stab's Prime Steak and Seafood located at 7666 Jefferson Highway Baton Rouge, Louisiana 70809 and was declined service based on Plaintiff's failure to comply with Stab's attire policy. Further answering, the attire policy is applicable to all patrons and Stab's denies the allegations in Paragraph 1 of the Complaint to the extent they imply any discriminatory or improper actions on the part of Stab's.

2.

Stab's Prime denies the allegations in Paragraph 2 of the Complaint, except to admit Plaintiff was declined service based on her failure to comply with Stab's attire policy.

3.

Paragraph 3 of the Complaint contains conclusions of law and therefore a response from Stab's is not required. However, to the extent a response is deemed necessary, Stab's Prime expressly denies that it discriminated against Plaintiff.

4.

Paragraph 4 of the Complaint does not require a response from Stab's Prime. However, to the extent a response is deemed necessary, Stab's Prime denies the allegations in Paragraph 4 of the Complaint, except to admit Plaintiff has brought this action pursuant to Title II of the Civil Rights Act and Louisiana state law.  Further answering, Stab's Prime expressly denies that it violated any law or that Plaintiff is entitled to the relief she seeks.

5.

Stab's Prime admits venue is proper in this judicial district.

6.

Stab's Prime admits this Court has subject matter jurisdiction.

7.

Paragraph 7 of the Complaint does not require a response from Stab's Prime. However, to the extent a response is deemed necessary, Stab's Prime denies the allegations in Paragraph 7 of the Complaint, except to admit Plaintiff has brought this action pursuant to Title II of the Civil Rights Act and Louisiana state law. Further answering, Stab's Prime expressly denies that it violated any laws or that Plaintiff is entitled to the relief she seeks.

8.

Stab's Prime denies the allegations in Paragraph 8 of the Complaint, except to admit that it is a business located in East Baton Rouge Parish, Louisiana.

9.

Paragraph 9 of the Complaint does not require a response from Stab's Prime. However, to the extent a response is deemed necessary, Stab's Prime denies the allegations in Paragraph 9 of the Complaint for lack of sufficient information to justify a belief therein.

10.

Stab's Prime denies the allegations in Paragraph 10 of the Complaint for lack of sufficient information to justify a belief therein.

11.

Stab's Prime denies the allegations in Paragraph 11 of the Complaint for lack of sufficient information to justify a belief therein.

12.

Stab's Prime denies the allegations in Paragraph 12 of the Complaint, except to admit Stab's Prime LLC operates Stab's Prime Steak and Seafood located at 7666 Jefferson Highway Baton Rouge, Louisiana 70809.

13.

Stab's Prime denies the allegations in Paragraph 13 of the Complaint outright as written and for lack of sufficient information to justify a belief therein.

14.

Stab's Prime denies the allegations in Paragraph 14 of the Complaint for lack of sufficient information to justify a belief therein, except to admit Plaintiff visited Stab's Prime located at 7666 Jefferson Highway Baton Rouge, Louisiana 70809 on July 23, 2024.

15.

Stab's Prime denies the allegations in Paragraph 15 of the Complaint for lack of sufficient information to justify a belief therein, except to admit Plaintiff attempted to dine at Stab's Prime on July 23, 2024.

16.

Stab's Prime admits the photograph in Paragraph 16 of the Complaint is a visual representation of Plaintiff, but denies the photograph is an accurate depiction of the revealing nature or placement of Plaintiff's attire upon her arrival at Stab's on July 23, 2024.

17.

Stab's Prime denies the allegations in Paragraph 17 of the Complaint for lack of sufficient information to justify a belief therein.

18.

Stab's Prime denies the allegations in Paragraph 18 of the Complaint.

19.

Stab's Prime denies the allegations in Paragraph 19 of the Complaint, except to admit Dori Murvin informed Plaintiff her attire violated Stab's Prime's dress code.

20.

Stab's Prime denies the allegations in Paragraph 20 of the Complaint, except to admit the image appears to be Stab's Prime's policy from the day of the alleged incident.

21.

Stab's Prime denies the allegations in Paragraph 21 of the Complaint.

22.

Stab's Prime denies the allegations in Paragraph 22 of the Complaint.

23.

Stab's Prime denies the allegations in Paragraph 23 of the Complaint, except to admit Plaintiff recorded a video of the conversation between her and Dori Murvin.

24.

Stab's Prime denies the allegations in Paragraph 24 of the Complaint for lack of sufficient information to justify a belief therein, except to admit Plaintiff was told her outfit was too revealing.

25.

Stab's Prime denies the allegations in Paragraph 25 of the Complaint.

26.

Stab's Prime denies the allegations in Paragraph 26 of the Complaint.

27.

Stab's Prime denies the allegations in Paragraph 27 of the Complaint.

28.

Stab's Prime denies the allegations in Paragraph 28 of the Complaint for lack of sufficient information to justify a belief therein.

29.

Stab's Prime denies the allegations in Paragraph 29 of the Complaint for lack of sufficient information to justify a belief therein.

30.

Stab's Prime denies the allegations in Paragraph 30 of the Complaint for lack of sufficient information to justify a belief therein.

31.

Stab's Prime denies the allegations in Paragraph 31 of the Complaint for lack of sufficient information to justify a belief therein.

32.

Stab's Prime denies the allegations in Paragraph 32 of the Complaint for lack of sufficient information to justify a belief therein.

33.

Stab's Prime denies the allegations in Paragraph 33 of the Complaint for lack of sufficient information to justify a belief therein.

34.

Stab's Prime denies the allegations in Paragraph 34 of the Complaint for lack of sufficient information to justify a belief therein

35.

Stab's Prime denies the allegations in Paragraph 35 of the Complaint.

36.

Stab's Prime denies the allegations in Paragraph 36 of the Complaint.

37.

Stab's Prime admits the photograph in Paragraph 37 of the Complaint is an image of Dori Murvin.

38.

Stab's Prime denies the allegations in Paragraph 38 of the Complaint as written.

39.

Stab's Prime denies the allegations in Paragraph 39 of the Complaint for lack of sufficient information to justify a belief therein.

40.

Stab's Prime denies the allegations in Paragraph 40 of the Complaint.

41.

Stab's Prime denies the allegations in Paragraph 41 of the Complaint.

42.

Paragraph 42 of the Complaint contains a legal conclusion and does not require a response from Stab's Prime.

43.

Paragraph 43 of the Complaint is a statement of law and does not require a response from Stab's Prime. However, to the extent a response is deemed necessary, Stab's Prime responds Title II of the Civil Rights Act of 1964 is the best evidence of its contents and denies any allegations that are inconsistent therewith.

44.

Paragraph 44 of the Complaint is a statement of law and does not require a response from Stab's Prime. However, to the extent a response is deemed necessary, Stab's Prime responds 42 U.S.C. §2000(a)(2) is the best evidence of its contents and denies any allegations that are inconsistent therewith.

45.

Paragraph 45 of the Complaint is a statement of law and does not require a response from Stab's Prime. However, to the extent a response is deemed necessary, Stab's Prime responds the referenced decisions of *Wyatt v. Sec. Inn Food & Beverage, Inc.*, 819 F.2d 69, 70 (4th Cir. 1987) and *O'Neill v. Gourmet Sys. of Minn., Inc.*, 219 F.R.D. 445, 456 (W.D. Wis. 2002) are the best evidence of their contents and denies any allegations that are inconsistent therewith.

46.

Paragraph 46 of the Complaint contains legal conclusions and does not require a response from Stab's Prime. However, to the extent a response is deemed necessary, Stab's Prime responds the referenced U.S. Department of Justice literature is the best evidence of its contents and denies any allegations that are inconsistent therewith.

47.

Stab's Prime denies the allegations in Paragraph 47 of the Complaint.

48.

Paragraph 48 of the Complaint is a statement of law and does not require a response from Stab's Prime. However, to the extent a response is deemed necessary, Stab's Prime responds La. R.S. 51:2247 is the best evidence of its contents and denies any allegations that are inconsistent therewith.

49.

Paragraph 49 of the Complaint is a statement of law and does not require a response from Stab's Prime. However, to the extent a response is deemed necessary, Stab's Prime responds La. R.S. 51:2232 (10) is the best evidence of its contents and denies any allegations that are inconsistent therewith.

50.

Stab's Prime denies the allegations in Paragraph 50 of the Complaint.

51.

Stab's Prime denies the allegations in Paragraph 51 of the Complaint.

52.

Stab's Prime denies the jury trial and prayer for relief allegations in Paragraph 52 of the Complaint.

53.

Stab's Prime denies the allegations in the subtitles included in the Complaint.

54.

Stab's Prime denies any allegations contained in Plaintiff's Complaint that are not expressly admitted or explained herein.

## DEFENSES

**AND NOW** in further answer to Plaintiff's Complaint, Stab's Prime asserts the following defenses. By setting forth these defenses, Stab's Prime does not assume the burden of proving any fact, issue, or element where such burden properly belongs to Plaintiff.

55.

Plaintiff's claims are barred, in whole or in part, by time limitations, prescription, estoppel and/or by laches.

56.

Plaintiff's claim are barred, in whole or in part, due to Plaintiff's own conduct.

57.

Any and all action taken by Stab's Prime was neither unlawful nor discriminatory.

58.

Stab's Prime had a legitimate, non-discriminatory reason for taking the actions Plaintiff complains of.

59.

Plaintiff was treated no differently than any other invitee or customer of Stab's Prime.

60.

Any action taken by Stab's Prime and/or its agents was taken pursuant to Stab's Attire Policy and in good faith without regard to Plaintiff's race.

61.

Stab's Prime denies Plaintiff was subjected to racial discrimination.

62.

Plaintiff's claims fail, in whole or part, because at all relevant times, Stab's Prime had no policy, pattern, practice, or custom favoring or disfavoring any invitee or customer on the basis of race or any other prohibited factor.

63.

Stab's Prime denies that Plaintiff has suffered any emotional or other damage whatsoever as a result of any alleged actions taken by it, and any emotional or psychological condition allegedly suffered by Plaintiff is attributable to causes wholly independent of Stab's Prime alleged actions.  Plaintiff's claims are barred to the extent the injuries alleged in the Complaint were caused or enhanced by pre-existing or medical or psychiatric conditions and/or idiosyncratic reactions unrelated to the alleged conduct of Stab's Prime.

64.

Stab's Prime expressly denies that any of its employees, officers, or agents acted in any manner that would violate state or federal law. Alternatively, any such violation occurred outside the scope of employment or agency of such employee, officer or agent, and without the knowledge or consent of Stab's Prime. Stab's Prime did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct.

65.

At all times relevant, Stab's Prime acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of the law.

66.

Plaintiff's claims are barred to the extent she failed to mitigate her damages, the entitlement to which is expressly denied.

67.

To the extent that any recovery on Plaintiff's Complaint may either be completely or substantially barred due to after-acquired evidence, any recovery to which Plaintiff might otherwise be entitled must be appropriately offset.

68.

Plaintiff's claims may be barred to the extent she failed to exhaust her administrative remedies.

69.

Stab's Prime denies that it owed or breached any duty owed to Plaintiff with respect to her state law claims.

70.

Plaintiff's Complaint is completely void of merit and has been brought for purposes of harassment and without any factual support of a violation of the Title II. As a result of this action, Stab's Prime has been compelled to employ counsel to defend it in this frivolous action. Stab's Prime is, therefore, entitled to attorneys' fees from Plaintiff and/or her attorney either pursuant to Federal Rule of Civil Procedure Rule 11 and/or as the prevailing party under 42 U.S.C. § 2000a-3(b).

71.

Stab's Prime hereby gives notice that it intends to rely upon any other defense that may become available or appear during discovery proceedings in this case and hereby reserves the right to amend this answer to assert any such defense.

## JURY DEMAND

72.

Stab's Prime hereby requests a jury trial on all issues.

**WHEREFORE**, Defendant, Stab's Prime LLC D/B/A Stab's Prime Steak and Seafood, LLC prays that this Answer be deemed good and sufficient and that after due proceedings are had, the Court dismiss Plaintiff's claims, with prejudice and at her sole cost.

Respectfully submitted:

**ADAMS AND REESE LLP**

*/s/ Hunter J. Schoen*
**HUNTER J. SCHOEN (#37862)**
**TAYLOR M. LEDUFF (#39253)**
450 Laurel Street, Suite 1900
New Orleans, Louisiana 70139
Telephone: (225) 378-3224
Facsimile: (504) 566-0210
hunter.schoen@arlaw.com

taylor.leduff@arlaw.com
*Counsel for Stab's Prime LLC D/B/A*
*Stab's Prime Steak and Seafood*