**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **Y'MINE McCLANAHAN,** *Plaintiff,* | * | **CIVIL ACTION NO.: 3:25-cv-00328** |
| VERSUS | * | **DISTRICT JUDGE: BRIAN A. JACKSON** |
| **STAB'S PRIME LLC D/B/A STAB'S PRIME STEAK AND SEAFOOD, DOE DEFENDANTS 1-10,** *Defendants.* | * | **MAGISTRATE JUDGE: ERIN WILDER-DOOMES** |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTIONS IN LIMINE

NOW INTO COURT, through undersigned counsel, comes Plaintiff Y'Mine McClanahan who files this reply in support of her motions in limine. For the reasons stated herein, Plaintiff asks this Court to grant all of her motions in limine.

Plaintiff submits this reply not to reiterate arguments already made in her original motion, but to respond to certain specific inaccuracies cited by Defendant. Plaintiff continues to assert all motions in limine in her original motion, whether or not addressed in reply.

**A. Defendant fails to show relevance of post-incident impact on their business and employees.**

Defendant continues to assert that Plaintiff made a "decision to publicize the incident," despite all testimony and evidence suggesting that she did no such thing.[1] Plaintiff posted to her *private* social media, meant only for her close friends and family, but a third party shared it publicly.[2] Plaintiff did not expect the post to go viral as the last time she made an allegation against

[1] R. Doc. 52 at 1-5.
[2] Exhibit 1 (Excerpt of Deposition of Y'Mine McClanahan) at 121:4-20; 161:5-10.

a restaurant the post stayed within her immediate circle.[3] Plaintiff did not reach out to any news outlet or other media.[4] Plaintiff did not want this to be public and, in fact, was forced to endure an onslaught of vitriol as a result, causing her significant emotional distress.[5] Plaintiff also never wanted to shut Defendant's business down until well after the video went viral.[6] All she wanted was an apology, but Defendant refused to meet with her.[7]

Defendant's argument for including irrelevant information regarding the post-incident impact on Stab's Prime and its employees relies entirely on this misstatement of the Plaintiff's actions. Since Plaintiff did not – either actually or by intent – cause or encourage any of the threats to Stab's Prime, that evidence has no bearing on whether Defendant discriminated or whether Plaintiff mitigated her own damages. Plaintiff did not take any action to encourage protests, threats, or other actions against Defendant, but Defendant improperly seeks to smear Plaintiff with the actions of others not under her control. That should not be allowed at trial.

**B. Testimony regarding Olivia Brocato's impressions of the incident is hearsay.**

Defendant argues that Ms. Murvin and Ms. Hills can testify as to Olivia Brocato's inner thoughts and impressions of the incident solely because they were present at the restaurant. This is a blatant attempt to circumvent hearsay rules.

For instance, Defendant argues that Ms. Murvin should be allowed to testify that Ms. Brocato *was* actually nervous because she "personally observed Ms. Brocato's nervous demeanor."[8] But that observation is just Ms. Murvin's interpretation of Ms. Brocato's reaction to

---

[3] *Id.* at 161:11-19.
[4] *Id.* at 133:18-20; 135:19-23; 136:18-24.
[5] See, e.g., *Id.* at 37:13-38:12.
[6] *Id.* at 122:15-123:23.
[7] *Id.* at 123:19-124:10.
[8] R. Doc. 52 at 5.

the incident and it is offered to assert the truth of the matter, *i.e.* that Plaintiff made Ms. Brocato nervous. Ms. Brocato did not tell Ms. Murvin she was nervous; Ms. Murvin jumped to a conclusion regarding a new employee she hardly knew.[9] Without asking Ms. Brocato directly, there is no admissible testimony or evidence to establish her feelings during the interaction. Defendant essentially seeks to have Ms. Murvin and Ms. Hills testify on Ms. Brocato's behalf. That should not be allowed.

**C. Jenetta Hills and other patrons do not have knowledge of Stab's Prime's unposted dress code.**

Defendant seeks to have Jenetta Hills and other patrons testify regarding "the appropriateness of Plaintiff's attire," which is an ultimate issue for the jury.[10] A third party's opinion of Plaintiff's attire is simply not relevant to whether Defendant discriminated against Plaintiff. Defendant argues that Ms. Hills' testimony is useful because she "has dined as Stab's Prime many times" and therefore has a sense for whether Plaintiff should have been seated.[11] Defendant does not describe how many times she has dined there, whether she had previously sat in the dining room or in the bar area where the dress code is relaxed, or whether she has any knowledge of the dress code which is not even posted on-site.[12] Ms. Hill's testimony is irrelevant and would only serve to confuse the jury.

**D. Defendant has run out of time to designate unidentified patron witnesses.**

Finally, a blanket exclusion of unidentified restaurant patrons is warranted, not only because of the admissibility question, but because all deadlines regarding identities of potential

[9] Exhibit 2 (Excerpts of Deposition of Dori Murvin) at 53:1-5 ("A. Yes. It was Olivia Brocato. Q. How long had she been working at Stab's, approximately? A. It seems she had just been there a couple, three weeks, at the most.").
[10] R. Doc. 52 at 7.
[11] *Id.*
[12] Exhibit 2 at 28:7-9 (Q. Is there anywhere in the restaurant where this is physically posted anywhere? A. No.").

witnesses have expired. These are all potential witnesses that were not disclosed at any point during initial disclosures, discovery, or otherwise. Defendant wants to keep the door open to scramble and identify last-minute witnesses should others fall through. There is no basis to allow them to do so.

**E. Conclusion**

For the reasons stated herein and in Plaintiff's original motions in limine, Plaintiff requests that all of her motions in limine be granted in full.

Respectfully Submitted,

*/s/David Lanser*
William Most, 36914
David Lanser, 37764
Caroline Gabriel, 38224
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Fax: (504) 414-6400
lanser@mostandassociates.com
carolinegabriel@mostandassociates.com

*Counsel for Plaintiff, Y'Mine McClanahan*